MEMORANDUM *
Petitioner Ratu Noa Rabici Tuiwainikai (“Tuiwainikai”), a native and citizen of Fiji, *81 petitions for review of the Board of Immigration Appeals’ (“BIA”) decision summarily affirming the Immigration Judge’s (“IJ”) denial of his application for asylum. The IJ found that Tuiwainikai was credible and that he suffered past persecution on account of his political opinion. Because the IJ determined that Tuiwainikai was eligible for withholding of removal, the IJ implicitly found that Tuiwainikai had met his burden of demonstrating a clear probability of persecution if he were removed to Fiji. Respondent does not challenge these findings on this appeal.
The IJ denied Tuiwainikai’s asylum petition because he did not file his application within one year of his arrival in the United States. Tuiwainikai timely appeals.[1] We have jurisdiction under 8 U.S.C. § 1252.[2] We may review “the agency’s application of the changed and extraordinary circumstances exceptions to undisputed facts” as it relates to the one-year filing rule. Dhital v. Mukasey, 532 F.3d 1044, 1049 (9th Cir.2008); Husyev v. Mukasey, 528 F.3d 1172, 1178-79 (9th Cir.2008) (holding that BIA’s application of the extraordinary circumstances exception to undisputed facts presents a mixed question of fact and law subject to our review under section 106 of the REAL ID Act); Ramadan v. Gonzales, 479 F.3d 646, 649-50 (9th Cir.2007) (holding the same with respect to the changed circumstances exception). We grant the petition for review in part, dismiss in part, deny in part, and remand for further proceedings.
I. Untimely Asylum Filing
Tuiwainikai entered the United States on a nonimmigrant visitor visa on January 7, 2000, with authorization to remain until July 6, 2000. Tuiwainikai filed an application for asylum on April 27, 2001. Tuiwaini-kai is ethnic Fijian, but he supports a political party that advocates a multi-racial platform rather than a nationalist Fijian platform (i.e., he supports racial equality for all Fijians, including Indo-Fijians). Based on these political beliefs, Tuiwaini-kai sought asylum and was ultimately granted only withholding of removal. The Immigration and Nationality Act (“INA”) generally requires that an alien file for asylum within one year of arriving in the United States. 8 U.S.C. § 1158(a)(2)(B). It is undisputed that Tuiwainikai did not file his application for asylum within one year of his arrival — he filed his application more than fifteen months after arriving in the United States. Because the IJ found that Tuiwainikai established a clear probability of persecution to warrant withholding of removal, if the filing seeking asylum had been timely, Tuiwainikai a fortiori would have demonstrated a well-founded fear of persecution to warrant asylum relief. See Bolanos-Hernandez v. INS, 767 F.2d 1277, 1288 (9th Cir.1985). In his petition for review, Tuiwainikai argues that he should have been granted asylum because he qualifies for an exception to the one-year filing rule.
The INA allows two exceptions to this one-year filing rule — if “the alien demonstrates to the satisfaction of the Attorney General either [1] the existence of changed circumstances which materially affect the applicant’s eligibility for asylum or [2] extraordinary circumstances relating to the delay in filing an application,” the agency may grant his application even if it is filed *82 after the one-year deadline. 8 U.S.C. § 1158(a)(2)(D); Dhital, 532 F.3d at 1049. Even if an alien shows changed conditions or extraordinary circumstances, he must also file his asylum' application within a “reasonable period.” 8 C.F.R. § 208.4(a)(4)(ii); (a)(5). We consider these two exceptions in turn.
A. Changed Circumstances
Tuiwainikai contends that his untimely filed asylum application should be excused under the changed circumstances exception. We conclude that the IJ’s statement “that the situation in Fiji has not materially changed” is not supported by the record. This exception refers to changes in circumstances that materially affect an applicant’s eligibility for asylum, including “[c]hanges in conditions in the applicant’s country of nationality.” 8 C.F.R. § 208.4(a)(4)(i)(A). As Tuiwaini-kai’s testimony and country-conditions evidence show, and as we have recognized in other similar cases, Fiji has suffered from a long history of turbulence and unrest. This history includes a military coup on May 19, 2000, that resulted in the overthrow of the elected Indo-Fijian government and the repeal of the country’s 1997 constitution. See Gafoor v. INS, 231 F.3d 645, 647-50, 654-55 (9th Cir.2000) (taking judicial notice of events surrounding the May 2000 coup), superseded by statute on other grounds as stated in Parussimova v. Mukasey, 555 F.3d 734 (9th Cir.2009); see also Sinha v. Holder, 564 F.3d 1015, 1017-18 (9th Cir.2009); Maharaj v. Gonzales, 450 F.3d 961, 965-66 (9th Cir.2006) (en banc). During the May 2000 coup, Tui-wainikai was lawfully residing in the United States on a nonimmigrant visa.
Because the IJ found that Tuiwainikai was credible, we must accept his testimony as true without any corroboration. See Vukmirovic v. Ashcroft, 362 F.3d 1247, 1251 (9th Cir.2004) (“We accept the petitioner’s testimony as true when, as here, the IJ found him to be credible.”); Ladha v. INS, 215 F.3d 889, 899 (9th Cir.2000) (no corroboration required once an asylum applicant’s testimony is deemed credible). Tuiwainikai testified that after the May 2000 coup, while he was residing in the United States, his family was threatened and harmed based on shared political beliefs. A coup, in which Tuiwainikai’s party was thrown out of power, subsequently followed by threats and violence directed at his family by the group that had previously persecuted him, demonstrates a sufficient change in circumstances. This change materially affected his eligibility for asylum, and warrants a possible exception to the one-year filing rule. See Fakhry v. Mukasey, 524 F.3d 1057, 1064 (9th Cir.2008).
However, even given changed circumstances, an asylum application must still be filed within a reasonable period given the changed circumstances to excuse the untimely filing. 8 C.F.R. § 208.4(a)(4)(ii). We do not address whether Tuiwainikai filed his application within a reasonable period because we leave that question for the agency to decide in the first instance. See INS v. Orlando Ventura, 537 U.S. 12, 16-17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) C‘[A]n appellate court [cannot] intrude upon the domain which Congress has exclusively entrusted to an administrative agency.... [T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.” (internal quotations and citations omitted)); see also Fakhry, 524 F.3d at 1064.
B. Extraordinary Circumstances
In his petition for review, Tuiwaini-kai also claims that he qualifies for the extraordinary circumstances exception be *83 cause he filed his asylum application within one year of the expiration of his lawful nonimmigrant status. We conclude that Tuiwainikai did not sufficiently raise this argument in his Notice of Appeal to the BIA or in his brief to the BIA. Because Tuiwainikai did not exhaust this claim before the BIA, we lack jurisdiction to consider it. See 8 U.S.C. § 1252(d)(1); Barron v. Ashcroft, 358 F.3d 674, 677-78 (9th Cir.2004).
II. Due Process
Contrary to Tuiwainikai’s contention, the agency’s decision to forgo’ a three-member panel review, its failure to articulate reasons for its decision, and its lack of citation to specific evidence do not violate due process. See Falcon Carriche v. Ashcroft, 350 F.3d 845, 849, 850-51 (9th Cir.2003).
III. Conclusion
We remand to permit the BIA to conduct further proceedings relating to whether Tuiwainikai’s untimely filed asylum application should be excused under the changed country conditions exception to the one-year filing rule. On remand, the BIA shall allow the parties to supplement the record with evidence of the current conditions in Fiji. See Surita v. INS, 95 F.3d 814, 821 (9th Cir.1996).
Petition for review GRANTED in part, DISMISSED in part, DENIED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Tuiwainikai does not raise the denial of his Convention Against Torture ("CAT”) claim in his opening brief, and any challenge to that denial is therefore waived. Martinez-Serrano v. INS, 94 F.3d 1256, 1259 (9th Cir.1996).

. Respondent moved to dismiss for lack of jurisdiction on March 5, 2009, but later withdrew its motion. Accordingly, we need not consider Respondent's motion to dismiss.